# EXHIBIT A

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2010 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LESLIE J. HOWARD,

                       Plaintiffs,

   -against-

SENIOR P.O. CONTINO, et al.,

                       Defendant.
------------------------------------------------------------------- x

MEMORANDUM AND ORDER

05-CV-1668 (ENV) (ARL)

**VITALIANO, D.J.**

     Plaintiff Leslie J. Howard brought this § 1983 action over five years ago, alleging that defendant parole officers used excessive force in executing an arrest warrant. Plaintiff's attorneys at O'Melveny & Myers, LLP, who were appointed as *pro bono* counsel in April 2009, now move to withdraw due to plaintiff's inability to maintain communication and cooperate in discovery. On May 12, 2010, Magistrate Judge Arlene R. Lindsay prepared a Report and Recommendation ("R&R") that the Court grant the motion to withdraw and further that the case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). (Docket No. 57.)

     In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's report and recommendation where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." Urena v. New York, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting Nelson v. Smith, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). Here, the movant attorneys have filed proof of service of the R&R on plaintiff (Docket No. 58) as directed by Magistrate Judge Lindsay, but plaintiff has not filed any objection, much less a timely one. Nor has plaintiff's withdrawing

1

CM

counsel interposed an objection to that portion of the R&R recommending dismissal of this action for want of prosecution.

After careful review of the record, the Court finds Judge Lindsay's R&R as to the appropriate disposition of this matter to be correct, comprehensive, well-reasoned, and free of any clear error. Local Civil Rule 1.4 permits withdrawal by an attorney for "satisfactory reasons," which may include a client's failure to communicate and cooperate. See Freund v. Weinstein, 08-CV-1469, 2009 U.S. Dist. LEXIS 23413, at *2-*3 (E.D.N.Y. Mar. 19, 2009); Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc., 01-CV-2950, 2005 U.S. Dist. LEXIS 17008, at *4 (S.D.N.Y. Aug. 15, 2005). Here, counsel have made repeated earnest attempts to contact plaintiff and comply with discovery directives, but plaintiff has remained largely unresponsive. Withdrawal is proper under these circumstances.

The Court further agrees with Magistrate Judge Lindsay that dismissal is appropriate. *Sua sponte* dismissal pursuant to Federal Rule of Civil Procedure 41(b) is committed to the Court's discretion. See Hevner v. Vill. E. Towers, Inc., 293 Fed. Appx. 56, 57 (2d Cir. 2008); Option One Mortgage Corp. v. Premium Capital Funding, LLC, 07-CV-3482, 2008 U.S. Dist. LEXIS 62565, at *1 (E.D.N.Y. Aug. 12, 2008). The Court is cognizant, however, that while "involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion . . . it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court." United States ex rel. Drake v. Norden Sys., 375 F.3d 248, 250-51 (2d Cir. 2004). Such a sanction, then, is "appropriate only in extreme situations", Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996), but, "[n]onetheless, dispositive measures are certainly within the court's arsenal, if needed, to remedy otherwise irremediable prejudice or to address persistent bad-faith pre-trial conduct by a litigant." Yu v. N.Y. City Hous. Dev. Corp., 07-

2

CV-5541, 2010 U.S. Dist. LEXIS 29495, at *13 (S.D.N.Y. Feb. 23, 2010).

The Court examines the following factors in deciding whether to dismiss: (1) the duration of the offending conduct; (2) whether notice was given that the conduct could result in dismissal; (3) whether the conduct prejudiced the movant; (4) the balance of the Court's need to manage its docket against the parties' interest in being heard on the merits; and (5) the possibility that a lesser sanction would be effective. Masi v. Steely & Equinox Holdings, Inc., 242 F.R.D. 278, 284-85 (S.D.N.Y. 2007) (citing Bambu Sales, Inc. v. Ozak Trading, Inc., 58 F.3d 849, 852-54 (2d Cir. 1995)). Here, plaintiff has been deficient in communication with both counsel and the Court throughout the life of this litigation. He has been notified on more than one occasion that failures to appear could result in dismissal for failure to prosecute. (Docket Nos. 24, 27, 44.) The Court agrees with Magistrate Judge Lindsay's assertion that "Howard is simply incapable of following through in the prosecution of this matter which has remained in limbo for five years." (R&R at 3.)

The Court, therefore, adopts Judge Lindsay's R&R in its entirety, and dismisses the case pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of the Court is directed to mail a copy of this Memorandum and Order to plaintiff and to close this case.

SO ORDERED.

DATED: Brooklyn, New York
June 29, 2010

s/ ENV

_____
ERIC N. VITALIANO
United States District Judge

3