UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALIBABA GROUP HOLDING LIMITED,<br><br>　　　　　Plaintiffs,<br><br>-against-<br><br>ALIBABACOIN FOUNDATION a/k/a ABBC FOUNDATION, ABBC BLOCK CHAIN IT SOLUTIONS LLC, ALIBABACOIN GENERAL TRADING FZE, ALIBABACOIN FOUNDATION LLC, JASON DANIEL PAUL PHILIP, HASAN ABBAS,<br><br>Defendants. | Case No.: 1:18-cv-02897-JPO |

**Memorandum of Law in Support of Motion to Withdraw as Counsel and Motion to Extend Deadlines for Expedited Jurisdictional Discovery**

TABLE OF CONTENTS

Page

FACTS .................................................................................................................................. 1
ARGUMENT ........................................................................................................................ 3
CONCLUSION ..................................................................................................................... 4

Pursuant to Rule 1.4 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York ("SDNY Local Rules"), Rule 1.6(c) of the New York Rules of Professional Conduct ("NYRPC"), and Federal Rules of Civil Procedure 6(b) and 16(b)(4), Pillsbury Winthrop Shaw Pittman LLP ("Pillsbury") submits this Memorandum of Law, along with the Declaration of Anne Lefever ("Lefever Decl.") and exhibit annexed thereto, in support of its motion to withdraw as counsel for defendants Alibabacoin Foundation a/k/a ABBC Foundation, ABBC Block Chain IT Solutions LLC, Alibabacoin General Trading FZE, Alibabacoin Foundation LLC ("ABBC LLC"), and Jason Daniel Paul Philip (collectively "ABBC" or the "ABBC Group") and motion for an order extending deadlines for expedited jurisdictional discovery by 30 days.

## FACTS

On April 6, 2018, the ABBC Group retained Pillsbury to represent it in this action. Lefever Decl. ¶1.  On May 10, 2018, this Court entered an order (the "Order") (D.E. 71) granting the letter motion of Plaintiff Alibaba Group Holding Limited ("AGH") (D.E. 68) seeking expedited jurisdictional discovery.  *See* Lefever Decl. ¶1.  The Order required the ABBC Group to comply with AGH's requests for production by May 31, 2018 and to produce the requested witnesses for depositions by June 7, 2018.  *See* Lefever Decl. ¶1.

Since the day the Order was issued, Pillsbury has made multiple attempts at communication with the ABBC Group regarding their obligations under the Order, and to assist them in preparing to comply with the requests for production and witness depositions by their respective deadlines.  Lefever Decl. ¶2.  This includes a number of emails requesting information from the ABBC Group as well as conference calls between Pillsbury and the ABBC Group to

1

further explain to them their obligations.  Lefever Decl. ¶2.  Pillsbury's repeated attempts at communication have resulted in significant and growing material differences between Pillsbury and the ABBC Group on how to proceed, and have resulted in the ABBC Group being unresponsive and declining to follow Pillsbury's advice.  Lefever Decl. ¶3.

Accordingly, Pillsbury now seeks the Court's permission to withdraw as attorney of record.  To facilitate the transition to new counsel, Pillsbury will not assert a retaining lien against the ABBC Group's client files for this case (and Pillsbury acknowledges that it has no basis to assert a charging lien because the ABBC Group is not seeking any damages), and Pillsbury plans to provide those files to the ABBC Group and any new counsel that the ABBC Group retains and to provide reasonable assistance in transitioning this case to such new counsel so that the ABBC Group is not prejudiced by Pillsbury's withdrawal.  Lefever Decl. ¶4.

Pillsbury has told the ABBC Group of its plans to seek leave to withdraw and a copy of the papers in support of the motion for leave to withdraw were sent to the ABBC Group by Pillsbury.  Lefever Decl. ¶6.  After Pillsbury notified the ABBC Group of its plans to seek leave to withdraw, the ABBC Group requested a conference call, during which Pillsbury and the ABBC Group attempted to resolve our material differences but were unable to do so.  Lefever Decl. ¶6.  During this call the ABBC Group requested that Pillsbury, as part of the motion for leave to withdraw, request that the ABBC Group be granted an additional 30 days to respond to the document requests and a corresponding extension of the date by which to complete depositions that is consistent with the time provided for in the Order.  Lefever Decl. ¶6.  Pillsbury hereby makes that request on their behalf.  Lefever Decl. ¶6.

**ARGUMENT**

NYRPC 1.16(c) provides, in relevant part, that a lawyer may withdraw from representing a client when "the client fails to cooperate in the representation, [] otherwise renders the representation unreasonably difficult for the lawyer to carry out employment effectively," or "insists upon taking action with which the lawyer has a fundamental disagreement." N.Y.S.B.A. Rule 1.16(c)(4), (7). SDNY Local Rule 1.4 provides in relevant part that

> [a]n attorney who has appeared as attorney of record for a party may be relieved or displaced only by order of the Court and may not withdraw from a case without leave of the Court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien .
> . . .

Pillsbury and the ABBC Group have significant material differences about how to proceed in this case, the ABBC Group has failed to communicate sufficiently with Pillsbury to allow it to represent the ABBC Group properly in this case, and the ABBC Group has declined to follow Pillsbury's advice. *See* Facts Section, *supra*. Moreover, given the short time period within which jurisdictional discovery must be completed, the ABBC Group's refusal to communicate constitutes a failure of cooperation, which may make timely compliance with the May 10, 2018 Order impractical, and has thus rendered it unreasonably difficult for Pillsbury to continue representation. *See, e.g.*, *Rana v. Islam*, No. 14-cv-1993 (SHS), 2016 WL 859859, at *3-*4 (S.D.N.Y. Mar. 01, 2016) (granting motion to withdraw, finding defendants' failure to communicate with counsel or comply with Court discovery orders "rendered it 'unreasonably difficult' for [counsel] to carry out their duties") (internal citations omitted); *see also* Lefever Decl. ¶7, Ex. A (*Howard v. Contino*, No. 05-CV-1668 (ENV) (ARL), 2010 BL 149218, at *2 (E.D.N.Y. June 29, 2010)) ("Here, counsel have made repeated earnest attempts to contact

3

plaintiff and comply with discovery directives, but plaintiff has remained largely unresponsive. Withdrawal is proper under these circumstances.").

Regarding the calendar, any delays that may impact the docket schedule, including the ABBC Group's request for additional time to comply with the discovery requests, would be due to the ABBC Group's failure to communicate sufficiently with Pillsbury. Therefore, Pillsbury's withdrawal will not significantly affect the calendar schedule. *See, e.g.*, *Maharaj v. Red Shirt Entm't, LLC*, No. 14-CV-3486 (ALC) (KNF), 2015 WL 5730116, at *2 (S.D.N.Y. Sept. 17, 2015) (finding withdrawal of counsel "will not cause any interdiction in the progress of the action" when existing delays were caused "by the failure of the defendants to cooperate with their counsel"); *see also Farmer v. Hyde Your Eyes Optical, Inc.*, 60 F. Supp. 3d 441, 446 (S.D.N.Y. 2014) ("Although the discovery period is nearly over, no trial date has been set yet. [Counsel's] withdrawal may impact the timing of prospective motion practice but will not disrupt the proceedings to the point where denial would be warranted."). Pillsbury will provide the ABBC Group's client files for this case to the ABBC Group and any new counsel that the ABBC Group retains, and will further provide reasonable assistance in transitioning the representation in this case to the ABBC Group's new counsel. Lefever Decl. ¶4. Finally, as proceedings in this action are still in the preliminary stages, Pillsbury's withdrawal as counsel will not prejudice any other party. Lefever Decl. ¶5.

## CONCLUSION

For the reasons set forth above, and in the declaration and exhibits filed contemporaneously, Pillsbury respectfully requests that the Court enter an order granting Pillsbury permission to withdraw as counsel of record for the ABBC Group. Pillsbury further

respectfully requests that the Court enter an order extending the deadline for the ABBC Group to respond to the document requests by 30 days and a corresponding extension of the date by which to complete depositions that is consistent with the time provided for in the Order

Dated:  May 25, 2018

                PILLSBURY WINTHROP SHAW PITMAN LLP

By   /s/ Anne C. Lefever
Anne C. Lefever
1540 Broadway
New York, NY 10036
Tel: (212) 858-1000
Email: anne.lefever@pillsburylaw.com

William P. Atkins *(Admitted Pro Hac Vice)*
PILLSBURY WINTHROP SHAW PITTMAN LLP
1650 Tysons Blvd, 14th Floor
McLean, VA 22102-4856
Tel: (703) 770-7777
Email: william.atkins@pillsburylaw.com

*Attorneys for Defendants Alibabacoin Foundation a/k/a ABBC Foundation, ABBC Block Chain IT Solutions LLC, Alibabacoin General Trading FZE, Alibabacoin Foundation LLC, and Jason Daniel Paul Philip*