UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALIBABA GROUP HOLDING
LIMITED,
                             Plaintiff,

                                 -v-

ALIBABACOIN FOUNDATION, a/k/a
ABBC FOUNDATION, et al.,
                             Defendants.

18-CV-2897 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

      On April 2, 2018, Plaintiff Alibaba Group Holding Limited ("Alibaba") filed a complaint alleging that Defendants Alibabacoin Foundation a/k/a ABBC Foundation; ABBC Block Chain IT Solutions LLC; Alibabacoin General Trading FZE; Alibabacoin Foundation LLC; Jason Daniel Paul Philip; and Hasan Abbas have been unlawfully using Alibaba's federally protected trademarks in connection with the marketing and sale of a new cryptocurrency. (Dkt. No. 1.) On April 10, 2018, Defendants moved to dismiss the complaint. (Dkt. No. 33.) While that motion was pending, this Court entered a preliminary injunction barring Defendants from, among other things, using Alibaba's trademarks within the United States. (Dkt. No. 137.)

      For substantially the same reasons given in the opinion granting Alibaba's application for a preliminary injunction, the Court now denies Defendants' motion to dismiss.

      First, this Court has already considered and definitively rejected Defendants' arguments that this Court lacks subject matter jurisdiction over the instant dispute (Dkt. No. 37 at 13; Dkt. No. 59 at 4–5) and that Alibaba effected insufficient service of process (Dkt. No. 37 at 24; Dkt. No. 137 at 5 n.1).

Second, with respect to Defendants' argument that that the complaint fails to lay out allegations that, if true, would suffice to establish this Court's authority to exercise personal jurisdiction (Dkt. No. 37 at 13–23), this Court has previously concluded that Alibaba has demonstrated a reasonable probability that personal jurisdiction is proper here (Dkt. No. 137 at 11). Such a demonstration is sufficient to survive a motion to dismiss. *See Do The Hustle, LLC v. Rogovich*, No. 03 Civ. 3870, 2003 WL 21436215, at *2 (S.D.N.Y. June 19, 2003) (explaining that entry of a preliminary injunction entails a "higher standard for establishing personal jurisdiction" than the standard a court applies in considering a motion to dismiss).

Finally, Defendants argue that the complaint fails to state a viable trademark claim because it insufficiently delineates each Defendant's distinct role in the alleged violations (Dkt. No. 37 at 8–9), inadequately alleges that Defendants' activities have the potential to mislead consumers (Dkt. No. 37 at 9–11), and establishes that Alibaba, by disclaiming any intention to develop its own cryptocurrency, has abandoned its trademark protections within the commercial sector Defendants occupy (Dkt. No. 37 at 11–12). The Court has already considered these arguments and found none of them sufficiently persuasive to justify the denial of a preliminary injunction (Dkt. No. 137 at 12–13; *cf.* Dk. No. 137 at 8 n.2). The arguments, then, are *ipso facto* insufficient to support dismissal of the complaint. *See Rush v. Malin*, No. 15 Civ. 3103, 2017 WL 2817080, at *4 n.5 (S.D.N.Y. June 29, 2017) ("[P]laintiff's burden with respect to a preliminary injunction motion . . . is significantly higher than that . . . applied on a motion to dismiss . . . .").

Accordingly, Defendants' motion to dismiss is DENIED. The Clerk of Court is directed to close the motion at Docket Number 33.

SO ORDERED.

Dated: November 7, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge